**TONG YI CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–4268–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Norman Kwai Wing Wong, New York, N.Y., for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Wendy Benner–León, Trial Attorney, United States Department of Justice, Civil Division, Washington, DC., for Respondent.

PRESENT: PIERRE N. LEVAL, JOSÉ A. CABRANES and ROBERT A. KATZMANN, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Tong Yi Chen, a native and citizen of the People's Republic of China, petitions this Court for review of an August 14, 2008 order of the BIA affirming a June 14, 2007 decision of Immigration Judge ("IJ") Noel Anne Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tong Yi Chen,* No. A200–025–495 (B.I.A. Aug. 14, 2008), *aff'g* No. A200–025–495 (Immig. Ct. N.Y. City Jun. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination. *See Corovic,* 519 F.3d at 95. In finding Chen not credible, the IJ found that: (1) his demeanor was not forthcoming or forthright; (2) his testimony that the Chinese government forced his family to move off their land in 2005 was contradicted by a letter sent from his father in 2007 which listed Chen's old address as the return address; (3) his testimony that Chinese officials sought him following a confrontation between his family and Chinese officials over the family's land was implausible given that Chen's parents were not arrested; (4) he testified inconsistently as to what happened to his original passport; and (5) he submitted a document purporting to be from the Department of Changle City Land Administration Bureau that a Government forensic report found to be false.

In his brief, Chen argues that he reasonably explained the inconsistency between the return address on his father's 2007 letter and his testimony that the family had moved in 2005. The IJ did not err in rejecting Chen's explanation, however, because no reasonable factfinder would have been compelled to credit it. *See Siewe v. Gonzales,* 480 F.3d 160, 167–168 (2d Cir. 2007) ("[W]here the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the trial court's choice of the other.") (citation omitted). Chen further argues that the IJ's adverse credibility determination is flawed because the inconsistencies she relied upon were too minor and immaterial to support the denial of relief. Contrary to Chen's argument, this Court has found that under the REAL ID Act, which applies to Chen's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (emphasis in original); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim' ").

Given the discrepancies the IJ identified, Chen's submission of a false document, and the IJ's demeanor finding, substantial evidence supports the IJ's adverse credibility determination because it was reasonable and Chen identifies nothing in the record compelling a contrary conclusion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. Therefore, the IJ properly denied his applications for asylum, withholding of removal, and CAT relief because the only evidence that Chen would be persecuted or tortured depended

on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Because the adverse credibility finding is amply supported by the record, we need not reach the agency's alternate burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.